IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DANIEL MANLEY, | |
| Plaintiff, | |
| v. | DOCKET NO. _____ |
| | JURY DEMANDED |
| SFS TRUCKING, INC., and SARLAK FARIBORZ, | |
| Defendants. | |

## COMPLAINT

COMES NOW the Plaintiff Daniel Manley and files this Complaint, and shows unto the Court as follows:

### PARTIES AND JURISDICTION

1. Daniel Manley is a resident of the State of North Carolina.

2. Defendant SFS Trucking, Inc. ("SFS") is a corporation organized in Canada and transacting business in the State of Tennessee on the date at issue.

3. On or about November 1, 2017, SFS was a corporation organized in Canada, and doing business in Tennessee, with its principal office at 222-7180 80th Ave. NE, Calgary, Alberta, Canada.

4. SFS Trucking, Inc. can be served pursuant to Tenn. Code Ann. § 20-2-223 with a copy of the Complaint and Summons through its Director Sayed Kazmi at 222-7180 80th Ave. NE, Calgary, Alberta, Canada T3J0N6 and its Director Shoab Awan at 50 Crystal View Court, Brampton, Ontario, Canada L6P2S3.

5. On the date of the wreck SFS Trucking, Inc. was registered with U.S. Department of Transportation under DOT number 2932387 and MC number 990324.

6. Defendant Sarlak Fariborz ("Fariborz") was the driver of the tractor-trailer involved in the wreck and is a resident of Canada. Defendant Fariborz can be served pursuant to Tenn. Code Ann. § 20-2-223 with a copy of the Complaint and Summons at BSMT-58 Holcolm Road, North York, Ontario, Canada M2M2C7.

7. **NOT TO BE READ TO THE JURY**: The Plaintiff alleges that one or more of the Defendants is uninsured, or underinsured, and as such invoke their contractual rights with their insurance carrier, Westfield Insurance Company (policy number CSP4825390212), who can be served through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37242-1131.

8. **NOT TO BE READ TO THE JURY**: The State of Tennessee, who may be served with process through the Attorney General of the State of Tennessee: The Honorable Herbert Slattery, III, Office of the Tennessee Attorney General, John Sevier Building, 500 Charlotte Avenue, Nashville TN 37243, is included as a statute is declared to be unconstitutional.

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper pursuant to 28 U.S.C. §1391(a) because the accident giving rise to this action occurred in Jefferson County, Tennessee.

## STATEMENT OF FACTS

11. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein. Upon information and belief:

12. At all relevant times herein, SFS was a Motor Carrier subject to the rules and regulations of the United States Department of Transportation and the Federal Motor Carrier Safety Administration, codified in Title 49 of the Code of Federal Regulations, parts 300-399 and related parts.

13. At all relevant times herein, SFS was the owner of a tractor-trailer, US DOT Number 2932387, being driven by its agent and servant Fariborz.

14. At all relevant times, SFS was a for-hire motor carrier operating tractor-trailers to transport property in interstate commerce.

15. On or about May 12, 2014, Defendant Fariborz was driving the SFS tractor-trailer westbound on Interstate 40 in near mile marker 421 in Jefferson County, Tennessee.

16. There are two lanes westbound on this portion of I-40. The right lane splits off I-40 toward Interstate 81 northbound and the left lane continues on I-40.

17. Immediately prior to the wreck, Defendant Fariborz was driving in the right-hand lane of I-40.

18. Daniel Manley was driving his tractor-trailer westbound in the left lane on I-40.

19. Defendant Fariborz was in full control of the tractor-trailer at all relevant times.

20. Defendant Fariborz was able to see Mr. Manley already occupying the left lane had he chosen to look in his side view mirrors.

21. Defendant Fariborz was aware, or should have been aware, of the space around his tractor-trailer, including the space occupied by Mr. Manley.

22. Defendant Fariborz was aware, or should have been aware, of the space around his tractor-trailer, including the space occupied by Mr. Manley, had he been properly trained by SFS to use space management techniques.

23. Defendant Fariborz, without regard to the safety of other persons, abruptly turned from the right lane into the left lane and slammed into the tractor-trailer driven by Daniel Manley.

24. Defendant Fariborz never saw Daniel Manley before changing lanes.

25. Defendant Fariborz never saw Daniel Manley during his changing of lanes.

26. Defendant Fariborz was driving carelessly and erratically and failed to exercise due care while operating a tractor-trailer.

27. Defendant Fariborz was driving the tractor-trailer in a careless, negligent, and dangerous manner without regard to the lives and safety of others.

28. Defendant Fariborz's negligent and careless driving was a cause of the collision with the Mr. Manley's tractor-trailer resulting in the temporary and permanent injuries.

29. Defendant SFS's negligent training, supervision, and/or retention was a cause of the collision with the Plaintiff's tractor-trailer in which Daniel Manley was permanently injured.

30. Defendant Fariborz's negligent and careless maintenance of the tractor-trailer caused a collision with the Plaintiff's vehicle in which Daniel Manley was permanently injured.

31. Defendant SFS's negligent and careless maintenance of the tractor-trailer caused a collision with the Plaintiff's vehicle in which Daniel Manley was permanently injured.

32. Defendant Fariborz's negligent and careless inspection of the tractor-trailer caused a collision with the Plaintiff's vehicle in which Daniel Manley was injured.

33. Defendant SFS's negligent and careless inspection of the tractor-trailer caused a collision with the Plaintiff's vehicle in which Daniel Manley was injured.

34. At all times relevant hereto, Daniel Manley exercised ordinary care in operating his vehicle.

4

Case 3:18-cv-00461-TAV-HBG   Document 1   Filed 10/26/18   Page 4 of 16   PageID #: 4

35. At all relevant times, there was no failure of Daniel Manley to exercise ordinary care in operating his vehicle.

36. Daniel Manley did nothing to cause this wreck and is without fault of any kind.

37. The negligent acts and omissions committed by each of the Defendants, as stated above and below, both individually and combined and concurring with the acts of the other defendants, are the proximate cause of Daniel Manley's damages.

### COUNT I – NEGLIGENCE OF SFS TRUCKING, INC.: NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION AND MAINTENANCE

38. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein. Upon information and belief:

39. Defendant SFS Trucking, Inc. is an interstate common carrier based out of Canada.

40. The provisions of 49 CFR §§ 301-399, commonly referred to as the "Federal Motor Carrier Safety Regulations" or "FMCSR" are applicable to this case, and both SFS Trucking, Inc. and Sarlak Fariborz were subject to and required to obey these regulations at the time of the wreck and at all relevant times prior to the wreck.

41. Defendant SFS Trucking, Inc. is the owner of the tractor operated by Sarlak Fariborz.

42. Defendant SFS Trucking, Inc. is the owner of the trailer operated by Sarlak Fariborz.

43. At the time of the wreck, Defendant Sarlak Fariborz was an employee and/or agent of defendant SFS Trucking, Inc.

44. At all times relevant hereto, Sarlak Fariborz was a truck driver for SFS Trucking, Inc. and was acting within the scope and course of its business.

45. At all times relevant hereto, Defendant SFS Trucking, Inc. was acting by and through its employees/agents and are responsible for the acts of those employees and agents pursuant to

*respondeat superior*, agency, apparent agency, negligent entrustment, negligent hiring of an independent contractor, or similar theory of law.

46. At all times relevant hereto, Defendants SFS Trucking, Inc. and Sarlak Fariborz were acting in a joint enterprise:

   a. They agreed to move goods for profit;

   b. They had a written contract, specifically, but not limited to a bill of lading;

   c. They coordinated and combined resources and skills in order to achieve their objective of moving the load in order to earn money.

47. Regardless of the employment relationship, Defendant SFS is the registered owner of U.S. DOT number 2932387 and MC number 990324, displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

48. At all times relevant to this cause of action, Defendant SFS was subject to and required to obey the minimum safety standards established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 CFR §§ 301-399), either directly or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113.

49. The operation of a trucking company, and the hiring, qualifying, training, and supervising of its drivers, requires care and skill to be done safely.

50. When the operation of a trucking company and the hiring, qualifying, training, and supervision of its drivers is not done with the care and skill required to meet reasonable minimum industry standards, it is foreseeable that serious harm and death will occur to the traveling public.

51. SFS's acts, and failures to act, as described below and above resulted in foreseeable harm to Daniel Manley.

52. The Defendants will be shown at trial to have violated the Federal Motor Carrier Safety Regulations which constitutes negligence *per se*, including but not limited to:

   a. § 383    Commercial Drivers License Standards

   b. § 390    General

   c. § 391    Qualifications of Drivers

   d. § 392    Driving of Commercial Motor Vehicles

   e. § 393    Parts and Accessories Necessary for Safe Operation

   f. § 395    Hours of Service

   g. §396     Inspection, Repair, and Maintenance

53. Defendant SFS was required to qualify and hire safe truck drivers.

54. Defendant SFS was required to teach and train those drivers so that they are able to understand and obey the minimum driving standards contained in the Commercial Driver's License Manual and carry out their duties and obligations thereunder.

55. Defendant SFS was required to qualify and hire safe truck drivers pursuant to the rules and regulations contained in the FMCSR.

56. Defendant SFS was required by the FMCSR to teach and train those drivers so that they are able to understand and obey the rules and regulations contained in the FMCSR and carry out their duties and obligations thereunder.

57. Defendant SFS was negligent, and grossly negligent, in:

   a. hiring and/or contracting with Defendant Fariborz to drive the tractor-trailer at issue;

   b. training of Defendant Fariborz on the FMCSR and compliance;

   c. failing to supervise Defendant Fariborz while driving the tractor-trailer;

   d. failing to train Defendant Fariborz to properly drive the tractor-trailer;

7

    e. failing to train Defendant Fariborz to properly inspect the tractor-trailer;

    f. failing to train Defendant Fariborz to properly maintain the tractor-trailer;

    g. entrusting Defendant Fariborz with the tractor-trailer;

    h. retaining Defendant Fariborz to drive the tractor-trailer;

    i. failing to conduct proper and required checks on the background of their employee, agent and/or contractor, Defendant Fariborz; and

    j. failure to exercise ordinary care to determine their employees' agents' and/or contractors' fitness for the task of driving a commercial vehicle interstate.

58. Defendant SFS had a duty to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so.

59. Defendant SFS, through its agents and employees, knew, had reason to know, or should have known by exercising reasonable care, about the risks set forth in this complaint and that by simply exercising reasonable care these risks would be reduced or eliminated. These risks include, but are not limited to:

    a. The risks associated with unsafe drivers,

    b. The risks associated with failing to train drivers to obey the FMCSR,

    c. The risks associated with failing to train drivers to follow minimum driving standards for commercial drivers,

    d. The risks associated with failing to train drivers to follow minimum inspection standards for commercial drivers,

    e. The risks associated with failing to train drivers to follow minimum maintenance standards for commercial drivers,

    f. The risks associated with failing to have adequate risk management policies and procedures in place,

g. Failing to ensure its routes could be driven within hours-of-service,

h. Requiring drivers to meet unrealistic driving goals which SFS knew, had reason to know, or should have known would cause its drivers to violate the hours-of-service regulations.

i. Failing to have policies and procedures in place to identify undertrained and unqualified drivers.

j. Failure to appropriately implement and enforce risk management policies and procedures to monitor and assess Defendant Fariborz once he was hired.

k. Failing to implement and follow a written safety plan.

l. Failing to use the composite knowledge reasonably available to SFS to analyze the data available to it to identify the risk, take steps to reduce or eliminate the risk, and to protect members of the public from that risk.

m. Failing to appropriately implement and enforce risk management policies and procedures to identify the risks described above,

n. Failing to protect the members of the public, such as Daniel Manley, from the risks described above,

60. As a result of Defendant SFS's negligence, Daniel Manley suffered serious injuries affecting his activities of normal daily living, including but not limited to permanent brain damage.

61. The permanent and temporary injuries which affect Daniel Manley's normal activities of daily living are the type of injuries that are the foreseeable consequence of SFS's negligence.

62. In order to put the matter at issue, Plaintiff alleges that SFS was negligent in the maintenance of the tractor-trailer and in the hiring, qualifying, supervising, training, and retention

9

of Defendant Fariborz and is responsible for negligent entrustment of their tractor-trailer to his care, and these acts of negligence, individually and combined and concurring with the acts of negligence of the other Defendants, proximately resulted in the damages to Daniel Manley.

## COUNT II
## NEGLIGENCE OF SARLAK FARIBORZ

63. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein. Upon information and belief:

64. Defendant Fariborz is a licensed commercial tractor-trailer driver.

65. Defendant Fariborz had a duty to maintain the tractor-trailer to ensure the safety of citizens on the roads, interstates and highways.

66. Defendant Fariborz had a duty to inspect the tractor-trailer before driving it to ensure the safety of citizens on the roads, interstates, and highways.

67. Defendant Fariborz had a duty to drive the tractor-trailer safely to ensure the safety of citizens on the roads, interstates, and highways.

68. At the time of the wreck, Defendant Fariborz failed to exercise due care by driving the tractor-trailer carelessly and erratically, driving in a reckless manner, and disregarding the actual and potential hazards then existing.

69. The tractor-trailer driven by Defendant Fariborz was driven with the permission and at the direction of Defendant SFS.

70. The SFS tractor driven by Defendant Fariborz was driven in the course and scope of his employment with the business of Defendant SFS.

71. The SFS trailer hauled by Defendant Fariborz was operated in the course and scope of his employment with the business of Defendant SFS.

72. At the time and place of this wreck, Defendant Fariborz was generally negligent under the circumstances then and there existing in that he:

   a. failed to keep his vehicle under control;

   b. failed to keep a proper lookout;

   c. failed to timely apply his brakes, alter direction of travel, or take any other appropriate action when he, by the exercise of due and reasonable care, should have seen the vehicles in front of him;

   d. failed to operate his vehicle in a safe and prudent manner in view of the conditions which existed at the time of the wreck;

   e. failed to stop with the flow of traffic;

   f. operated his vehicle at an excessive speed;

   g. failed to yield the right of way;

   h. failed to maintain his lane;

   i. improperly changed lanes;

   j. failed to operate his vehicle in a manner considerate of the safety and lives of the other persons lawfully on the road;

   k. drove in a reckless manner; and

   l. such other actions or inactions that may be shown at a hearing of this cause.

73. Defendants' negligence was a proximate cause of the wreck with the Manley tractor-trailer and resulting damages and permanent injuries to Daniel Manley.

74. At the time and place of this accident, the Defendant Fariborz was negligent *per se* in that he was violating one or more of the statutes of the State of Tennessee; to include but not be limited to:

11

a. T.C.A. § 55-8-103      Required obedience to traffic laws

b. T.C.A. § 55-8-123      Driving on roadways laned for traffic

c. T.C.A. § 55-8-136      Drivers to exercise due care;

d. T.C.A. § 55-8-143      Signals for turns

e. T.C.A. § 55-8-197      Failure to yield right of way

f. T.C.A. § 55-10-205(a)      Reckless driving

75. That Defendant Fariborz was subject to the "Federal Motor Carrier Safety Regulations" 49 CFR §§ 301-399 either directly, or as adopted by the Tennessee Department of Transportation Safety Rules & Regulations 1340-6-1-.20 and pursuant to T.C.A. §§ 65-2-102 and 65-15-113, at the time and date of the wreck.

76. The Defendants will be shown at trial to have violated one or more of the Federal Motor Carrier Safety Regulations which constitutes negligence per se, including but not limited to:

a. §383      Commercial Driver's License Standards

b. §390      General

c. §391      Qualifications of Drivers

d. §392      Driving of Commercial Motor Vehicles

e. §393      Parts and Accessories Necessary for Safe Operation

f. §395      Hours of Service

g. §396      Inspections, Repairs, and Maintenances

77. That Defendant Fariborz will be shown at trial to have violated the Federal Motor Carrier Safety Regulations and the laws of the State of Tennessee, and that these violations constitute negligence *per se*.

12

78. The permanent and temporary injuries which affect Daniel Manley's normal activities of daily living are the type of injuries that were the foreseeable consequence of Fairborz's negligence.

79. Defendants' negligence, individually and collectively, proximately caused the wreck and the injuries and damages to Daniel Manley.

**NOT TO BE READ TO THE JURY**
**COUNT III – DECLARATION OF UNCONSTITUTIONALITY**

80. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein. Upon information and belief:

81. Plaintiff seeks a judicial determination of their legal rights with respect to Tenn. Code Ann. § 29-39-102, as well as a judicial determination that Tenn. Code Ann. § 29-39-102 violates the Tennessee Constitution, pursuant to Tennessee's Declaratory Judgments Act, Tenn. Code Ann. § 29-14-102.

82. Plaintiff has alleged injuries compensable only through non-economic damages, which, based upon severity, experience before the Tennessee courts and Tennessee juries in cases of similarly significant injuries, greatly exceed the applicable limitations on such damages under Tenn. Code Ann. § 29-39-102 and punitive damages under § 29-39-104.

83. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 and 104 violates the Plaintiff's fundamental and "inviolate" right to trial by jury, guaranteed in Article 1, § 6 of the Tennessee Constitution, by supplanting the jury's determination of facts proven at a fair and proper trial, namely, appropriate compensation, and substituting a legislative determination, divorced from the facts of the case, that overrides the jury's constitutionally guaranteed determination of those facts.

84. Plaintiff believes the statutes are also in violation of Art. XI § 16 of the Tennessee Constitution.

85. The limitation on non-economic damages codified at Tenn. Code Ann. § 29-39-102 violates the separation of powers mandated by Article II, §§ 1 & 2 of the Tennessee Constitution by permitting the General Assembly to require judges to enter judgment at odds with a jury's fair and proper verdict and the record developed in the case, as well as arrogate to itself the judicial power to suggest remittitur, and by permitting the General Assembly to impermissibly encroach upon the adjudicative function of the judicial branch.

86. Pursuant to Tenn. Code Ann. § 29-14-107, a copy of this Complaint is being served on the Attorney General of the State of Tennessee, notifying the State of Tennessee Attorney General that Plaintiff is challenging the constitutionality of Tenn. Code Ann. § 29-39-102.

87. Rule 5.1 of the Federal Rules of Civil Procedure requires the Plaintiff to file this Notice promptly upon drawing the constitutionality of a state statute into question. Subsection (b) requires the Court to certify to the Tennessee Attorney General that the statutes have been questioned and Subsection (c) provides that the Tennessee Attorney General may intervene within 60 days after this Notice if filed, unless the Court sets a later time.

88. Resolution of this issue is not proper at this point because the matter is not ripe until a judgment exceeding the caps is obtained, nor is certification of this question to the Supreme Court of Tennessee proper at this time because it does not meet the requirements of Tennessee Supreme Court Rule 23.

89. Although the Plaintiff is serving a copy of this Complaint and Notice on the Tennessee Attorney General pursuant to Fed. R. Civ. P. 5.1(a)(2) and T.C.A. § 29-14-107(b), because it is premature to consider these issues at this time, the Plaintiff request the Court set a

time after the entry of any verdict for the attorney general to intervene, pursuant to Fed. R. Civ. P. 5.1(c). The Plaintiff also move this Court to amend any Scheduling Order to provide a post-verdict briefing schedule for determining whether the issue should be certified to the Supreme Court of Tennessee, and if not, briefing on the merits as to the constitutionality of the statutes.

## COUNT IV – DAMAGES

90. All preceding statements of the complaint are incorporated herein and realleged as if expressly set forth herein. Upon information and belief:

91. As set forth more fully in the facts above, each of the Defendants acted in a negligent manner which either alone, or combined and concurring with the actions of the other defendants acts of negligence, directly and proximately caused the wreck and Daniel Manley's temporary and permanent economic and non-economic injuries.

92. Defendants' conduct, individually and collectively, constituted a reckless disregard for the life and safety of Daniel Manley and for the lives and safety of the motoring public generally, were wanton and reckless, and these defendants are therefore also liable to Daniel Manley for exemplary and/or punitive damages.

93. The Defendants' negligence is the proximate cause for the past, current, and future economic and non-economic damages of Daniel Manley, and the jury is requested to provide restitution for Daniel Manley's harms and losses to the full extent allowed by law after hearing the facts of this case.

**WHEREFORE,** Plaintiff pray that the following relief be granted:

a. A trial by jury;

b. For Summons and Complaint to issue against the Defendants;

c. For judgment against the Defendants as restitution to Daniel Manley for past, present, and future non-economic damages, to the full extent allowed by law and equity;

d. For judgment against the Defendants as restitution to Daniel Manley for past, present, and future economic damages to the full extent allowed by law and equity;

e. That the jury order full restitution from the Defendants in an amount the jury believes to be just, fair, and equitable, after hearing the facts and issues in this case, not to exceed $15,000,000.00.

f. For an amount of punitive damages against Defendants SFS and Fariborz in an amount the jury believes to be just, fair and equitable, after hearing the facts and issues in this case, not to exceed the sum of $10,000,000.

g. Court Cost and discretionary Costs.

h. For all such further and general relief which this Court deems just and proper.

Respectfully submitted,
**LAW OFFICES OF MORGAN G. ADAMS**

**BY:** */s/ Morgan G. Adams*
**MORGAN G. ADAMS, BPR #013693**
**ATTORNEYS FOR PLAINTIFF**
1419 Market Street
Chattanooga, TN 37402
Telephone: 423-265-2020
Fax: 423-265-2025